**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5967

GARY SCOTT WARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-95-216)

Submitted: August 27, 1996

Decided: September 19, 1996

Before MURNAGHAN, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher C. Finch, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, John David Kuchta, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gary Scott Ward appeals the 120-month sentence he received after he pled guilty to conspiracy to distribute more than 50 grams of crack cocaine. 21 U.S.C.A. § 846 (West Supp. 1996). He appeals his sentence, contending that the district court erred in finding that his two criminal history points made him ineligible for a sentence below the mandatory minimum sentence pursuant to USSG § 5C1.2* even though the court departed from criminal history category II to category I. We affirm.

To be eligible for a sentence under the safety valve provision, a defendant must not "have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C.A. § 3553(f)(1); USSG § 5C1.2(1). Application Note 1 to section 5C1.2 states that the phrase "as determined under the sentencing guidelines," means "as determined under § 4A1.1 (Criminal History Category)." After reviewing the commentary, the district court decided that USSG § 5C1.2 did not apply to Ward because he had been assigned two criminal history points under USSG § 4A1.1, despite the subsequent departure to category I, which by definition includes defendants with zero or one criminal history points. The Second Circuit came to the same conclusion in United States v. Resto, 74 F.3d 22, 27-28 (2d Cir. 1996).

Ward argues that Resto is not dispositive, and that the result reached by the district court is unfair because the safety valve provision was intended to soften the effect of mandatory minimum sentences. However, we are persuaded that the district court and the Second Circuit correctly interpreted the guideline.

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal conten-

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3